WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NIKITA TARVER, | NO: |
| Plaintiff, | |
| vs. | COMPLAINT FOR DAMAGES |
| | (JURY DEMAND) |
| CITY OF SEATTLE AND SEVERAL UNKNOWN OFFICERS | |
| Defendants | |

## I.    NATURE OF ACTION

1.1 <u>Introduction.</u>  This is a civil rights action brought by the plaintiffs pursuant to 42 U.S.C. § 1983 and the fourth and fourteenth amendments against the City of Seattle and several currently unknown officers.   State claims include the tort of outrage, assault, negligence and violations of RCW 49.60.060.

## II.  PARTIES

2.1 <u>Plaintiff Nikita Tarver.</u>  Nikita Tarver is a resident of King County.

2.2  <u>Defendant City of Seattle.</u>  Seattle is a municipal corporation located in the Western District of Washington.  At all times relevant times, all individual Defendants named herein were agents of City of Seattle, acting within the scope of their employment, and under color of state law.

2.3 <u>John and Jane Doe Officers:</u>  There are several unknown Seattle Police Officers that participated in the events that form the basis for this lawsuit.   These officers were acting within the course and scope of their employment with the City of Seattle and were acting under color of law at all relevant times.

## III.  JURISDICTION AND VENUE

3.1 **Federal Jurisdiction.**  This Court has Jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C §§ 1331 and 1343

3.2 **Jurisdiction over State Claims.**  This Court has jurisdiction over Plaintiffs' 1367 state law claims pursuant to 28 U.S.C. § 1367.

3.3 **Venue.**  Venue is appropriate in the Western District of Washington pursuant to 28 U.S.C.§ 1391 because at least some of the Defendants reside in this judicial district and because the events and omissions giving rise to the claims alleged herein occurred within the Western District of Washington.

COMPLAINT FOR DAMAGES  - 2

## IV.  FACTUAL BACKGROUND

4.1 Nikita Tarver is an African American woman who is dedicated to social justice and civil rights.

4.2 Ms.  Tarver believes that it is important for people to speak up when injustice occurs.

4.3 On May 25, 2020, George Floyd was murdered by a Minneapolis police officer.  The murder was captured on video and sparked national attention.

4.4 The national attention surrounding George Floyd's murder quickly led to a larger national discussion about the use of excessive force by police officers against people of color.

4.5 Renewed attention was paid to instances in which the Seattle Police Department had been accused of using excessive force against people of color.

4.6 In response to the Murder of George Floyd by Minneapolis police officers and other high profile police excessive force cases, people began to march and rally for police accountability.

4.7 Within days of George Floyd's murder, hundreds of thousands of people were marching all over the United States while chanting "Black Live's Matter."

4.8 In addition to chants, people carried signs that had the pictures of individuals that had been killed by police officers. Many of the pictures were people of color that had been killed by police.

4.9 On May 30th, 2020, Nikita Tarver decided to participate in a peaceful rally and protest held in downtown Seattle.
A

4.10      Prior to going to the rally, Nikita had spent much of her ay making signs.  The signs included the names of several individuals that had lost their lives at the hands of law enforcement.

4.11      Nikita was nervous about attending the rally, but she believed that participating in a peaceful protest was an important thing to do.

4.12      Nikita went to the Rally with her friend Amber.

COMPLAINT FOR DAMAGES  - 3

4.13     Nikita went to the rally with her friend Amber.  They listened to speeches while holding their signs.  Nikita felt good about taking a stand.   This was the first rally that she had ever gone to.

4.14     After listening to several speakers,  Nikita and Amber began to walk back to the car to head home.   As she was walking,  Nikita was holding her sign in the air so that people could see it.

4.15     Within seconds of holding her sign up so that it could be seen,  Nikita felt a blast in her left eye.   Nikita screamed out in terror.  Her entire face felt like it was burning and she felt like she was going to lose her eye.

4.16     Nikita continued to scream out ion terror.

4.17     Nikita had never experienced this level of pain in her life.  She began to fall to the ground.  Her friend, Amber, did everything she could to hold Nikita up.

4.18     Amber got Nikita to the car and navigated through traffic and barricades to Harborview Hospital.

4.19     A Seattle Police Officer had shot Nikita in her eye with a rubber bullet causing significant physical damage and impacting her ability to see.

4.20     Nikita believes that she was specifically targeted by the Police Officer that shot her in the eye.  At the time she was shot,  Nikita was the only African American person among several white people that were near her at the time she was shot in the face.

4.21     Nikita had surgery on her eye after her initial emergency trip to the hospital.

4.22     Nikita has had several doctor appointments and will likely have to have other surgeries in the future.

4.23     For a significant period, Nikita had to wear an eye patch and felt as though she was significantly disfigured.   She could not see out of her eye.

4.24     Nikita continues to experience significant physical pain as a result of this incident. She often feels like there are shards of glass in her eye.

COMPLAINT FOR DAMAGES  - 4

4.25    The injury to Nikita's eye had a significant impact on her independence.

4.26    Getting shot in the eye by a Seattle Police Officer has had a significant physical and emotion impact on Nikita.

4.27    The injuries experienced by the plaintiffs continue to impact them emotionally.

4.28    Nikita Tarver did not do anything to justify being shot in the eye with a rubber bullet by a Seattle Police Officer.   She was simply exercising her constitutional rights.

## V. VIOLATION OF WASHINGTON STATE LAW AGAINST DISCRIMINATION

5.1    Plaintiffs incorporates by reference paragraphs through

5.2    All Defendants are liable to all Plaintiffs for violation of the Washington State Law Against Discrimination (RCW 49.60.030)

5.3    RCW 49.60.030 dictates that individuals within the State of Washington have a right to be free from discrimination because of race, creed, color, national origin, citizenship or immigration status, sex, honorably discharged veteran military status, sexual orientation, or the presence of any sensory, mental, or physical disability or the use of a trained dog guide or service animal by a person with a disability is recognized as and declared to be a civil right.

5.4    Nikita Tarver is an African American woman.

5.5    The May 30, 2020 rally was intended to address disproportionate excessive force used unjustly against African Americans and other people of color.

5.6    Shooting rubber bullets at individuals exercising their constitutional right to speak out about issues of inequity in support of members of a protected class constitutes a violation of the Washington Law Against Discrimination.

5.8    The targeted use of rubber bullets and excessive force against members of a protected class is a violation of the Washington State Law Against Discrimination.

COMPLAINT FOR DAMAGES  – 5

5.9   Any person who deems herself or himself injured by any act in violation of the Washington State Law Against Discrimination shall have a civil action in a court of competent jurisdiction.

5.10   The Seattle Police Department used excessive force against Nikita Tarver while she was peacefully exercising his right to free speech in an effort to reduce excessive force against African American people.

## VI. TORT OF OUTRAGE

6.1   Plaintiffs incorporate by reference all previous paragraphs.

6.2   All Defendants are liable to all Plaintiffs for the Tort of Outrage.

6.3   Shooting a persons that is peacefully exercising their constitutional right to free speech is extreme and outrageous conduct.

6.4   The result of the officer's actions caused Nikita Tarver severe emotional distress.

## VII.   NEGLIGENCE:

7.1   Plaintiff incorporates by reference all previous paragraphs

7.2   The City of Seattle, through its officers, owes a duty of care to person with whom they foreseeably interact with when they are dispatched to a particular scene.

7.3   The Defendant Officers, owe a duty of care to persons with whom they foreseeably interact with when they are dispatched to a particular scene.

7.4   The Defendant officers were dispatched to the scene where the plaintiff's was shot in the face with a rubber bullet by one of the officers.

7.5   The Defendant officers were dispatched to the scene to protect people that were attending the May 30, 2020 rally and nearby property.

**COMPLAINT FOR DAMAGES – 6**

7.6     The Defendant Officers breached their duty to protect the plaintiff when they unjustifiably shot her in the face with a rubber bullet.


## VIII.    INDEMNIFICATION

8.1     Plaintiff incorporates by reference all paragraphs in this Complaint.

8.2     In committing the acts alleged in this complaint, the defendant officers acted at all relevant times within the scope of their employment for the city of Seattle.

8.3     As a result, pursuant to state law, the City of Seattle must indemnify the defendant officers for any judgment against them.


## IX.  RESPONDEAT SUPERIOR

9.1     Plaintiff incorporates by reference all paragraphs in this complaint.

9.2     In committing the acts alleged in this complaint, the defendant Seattle Police Officers acted at all relevant times within the scope of their employment with the City of Seattle.

9.3     Defendant City of Seattle, as principal, is liable for all tort committed by its Agents.  Seattle, as principal, should also be liable for the constitutional violations committed by its officers, pursuant to common law as understood in 1871, and Because by law and county ordinance is wholly responsible for providing the Defense of the individual Defendant Officers and for indemnifying them against any judgment or verdict that may result.

**JAMES BIBLE LAW GROUP**
**14205 SE 36th Street Suite 100**
**Bellevue, WA 98006**
**(425) 748-4585**

## X.  42 U.S.C. § 1983

10.1   Plaintiff incorporates by reference all paragraphs in the complaint.

10.2   By virtue of the facts set forth in this complaint, all Defendants are liable for Compensatory and punitive damages for deprivation of civil rights of plaintiff Nikita Tarver.

10.3   The force used against Nikita Tarver was excessive and unjustified.

## XI.  MONELL CLAIM

11.1   Plaintiffs incorporates by reference all paragraphs set forth above against the City of Seattle

11.2    for the violation of their civil rights.

11.3   Defendants have a duty to use reasonable care in hiring, training and supervising their employees and agents.

11.4   The described conduct of the defendant officers in this complaint was undertaken pursuant to the policies, practices, and customs of the City of Seattle, such that the City is liable to the plaintiffs in the following ways:

    a.   The City, through its approval of the Defendant Officers actions, has ratified the Defendant Officers acted pursuant to the and in a manner consistent with the policies, customs, and practices of the City;

    b.   As a matter of both policy and practice, the City encouraged, and was thereby the moving force behind, the misconduct at issue here by failing to adequately train, supervise, control and discipline its officers such that its failure to do so manifested a deliberate indifference;

    c.   As a matter of both policy and practice, the city of Seattle has facilitated the very type of misconduct at issue here by failing to adequately investigate, punish and discipline prior instances of similar misconduct, thereby foreseeably leading its officers to believe their

JAMES BIBLE LAW GROUP
14205 SE 36th Street Suite 100
Bellevue, WA 98006
(425) 748-4585

actions will never be meaningfully scrutinized and, in that way, encouraging and predictably resulting in unreasonable uses of excessive force such as those the Plaintiffs complain of;

d.  Upon information and belief, the City of Seattle maintains written polices pertaining to crowd control and rallies, however, there are clear problems with the policies and their implementation.

e.  The City of Seattle did not effectively train its officers to discern between those that are peacefully exercising their first amendment rights and those that may be in violation of the law.

f.  The City of Seattle did not develop an effective plan that allowed for individuals to exercise their first amendment rights.

g.  The City of Seattle has a longstanding tradition of failing to hold officers accountable for using excessive force against crowds of individuals that are exercising their first amendment rights.

h.  The City of Seattle and its police department were under a federal consent decree with the department of justice that dates back to 2012. The Consent decree was, in part, implemented as a result of long standing concerns about the Seattle Police Departments use of force against people of color.

XII.      ASSAULT

12.1    Plaintiff incorporates all previous paragraphs by reference.

12.2.    The shooting of Nikita Tarver in her eye is an assault.

12.3.    The Defendants are liable to the plaintiff for the tort of assault.

JAMES BIBLE LAW GROUP
14205 SE 36th Street Suite 100
Bellevue, WA 98006
(425) 748-4585

## XIII. REQUEST FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

1. Awarding plaintiff special damages in such amount as shown at trial.
2. Awarding plaintiff general damages in such amount as shown at trial.
3. Awarding plaintiff costs and attorney fees.
4. Awarding plaintiff punitive damages.
5. Such additional relief which the court finds equitable and just.

DATED  this  27th day  May_____ , 2022

**JAMES BIBLE**

James Bible, WSBA No. 33985
Attorney for Plaintiff
14205 SE 36th Street Suite 100
Bellevue, WA  98006
Telephone:  (425) 748-4585
E-mail:  jbiblesblaw@gmail.com

**JAMES BIBLE LAW GROUP**
**14205 SE 36th Street Suite 100**
**Bellevue, WA 98006**
**(425) 748-4585**