The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NIKITA TARVER,

    Plaintiff,

v.

CITY OF SEATTLE,

    Defendant.

NO. 22-cv-736

**ORDER GRANTING DEFENDANT'S REQUEST FOR PROTECTIVE ORDER**

Nikita Tarver sued the City of Seattle following her injury during a Black Lives Matter rally in Seattle on May 30, 2020. Compl., ECF No. 1. The parties have proceeded with discovery and at this time are seeking resolution of a dispute related to the upcoming deposition of the City's Rule 30(b)(6) witness. The Court held a hearing on the record to resolve the discovery dispute and granted the City's request for a protective order related to two topics that Plaintiff raised in her Rule 30(b)(6) notice. The Court's reasoning follows.

There are nine topics in Plaintiff's 30(b)(6) notice. The parties reached agreement as to the issues in topics 1-7 but could not resolve their dispute on topics 8 and 9. Topic 8 relates to the preservation of records related to the incident, including questions regarding what evidence the witness has reviewed and opinions on the evidence. Plaintiff may certainly ask the witness about the evidence the witness reviewed (although counsel for the City has indicated that this witness has

ORDER GRANTING DEFENDANT'S REQUEST FOR PROTECTIVE ORDER

- 1

reviewed little, if any, evidence) but may not elicit opinions on the reasonability of any actions taken, which are more appropriately addressed to an expert witness. *See Dagdagan v. City of Vallejo*, 263 F.R.D. 632, 635 (E.D. Cal. 2009), on reconsideration, (Jan. 29, 2010). Plaintiff also may not elicit opinions that reflect on legal theories or counsel's work product but must limit questioning to factual "information known or reasonably available" to the City. Fed. R. Civ. P. 30(b)(6). The Court notes that the City has proffered an alternate witness to answer questions related to the City's policies and procedures around the preservation of records.

Topic 9 addressed the Defendant's affirmative defenses. As discussed, some of the defenses are based on information particularly obtainable from the Plaintiff or third parties, such as mitigation of damages, pre-existing conditions, assumption of risk, contributory fault or fault of third parties. As such, the City's 30(b)(6) witness is an unlikely source of information responsive to these defenses, and they are not appropriate subjects for questioning. Other defenses are purely legal arguments, which are more appropriately addressed through motions practice. The parties are encouraged to confer and narrow the affirmative defenses to those that remain viable.

For the foregoing reasons, the Defendant's request for protective order on topics 8 and 9 is GRANTED.

DATED this 27th day of November 2023.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER GRANTING DEFENDANT'S REQUEST FOR PROTECTIVE ORDER

- 2