The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NIKITA TARVER,

    Plaintiff,

v.

CITY OF SEATTLE, *et al.*,

    Defendants.

NO. 22-cv-736

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

Nikita Tarver sued the City of Seattle following her injury inflicted in a shooting incident during a Black Lives Matter rally in Seattle on May 30, 2020. Compl., ECF No. 1. Through the process of discovery, she has learned the identity of the individual officer involved in the shooting incident. Currently pending before the Court is Plaintiff's motion for leave to amend her complaint to change the name of defendant from Unknown Officers to Washington State Trooper Nick King and to substitute the Washington State Patrol for the City of Seattle. ECF No. 32, 36.[1] In its response to the motion, Defendant City of Seattle does not oppose Plaintiff's motion but asks that its

---

[1] Plaintiff filed an amended motion, with a modified proposed amended complaint, the Second Amended Complaint. ECF No. 36. Since Plaintiff's prior motion to amend, ECF No. 32, was not withdrawn, the Court denies it as moot, and accepts Plaintiff's amended complaint as the First Amended Complaint and will direct it to be filed as such.

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND

- 1

dismissal be with prejudice. ECF No. 38. No reply was filed by Plaintiff, and the time for doing so has passed. Having reviewed the materials, the Court GRANTS leave to amend.

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave when justice so requires." Further, Rule 15(d) specifically permits supplemental pleadings "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." When assessing the propriety of a motion for leave to amend, the Court considers five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). The Court concludes that there is no bad faith, undue delay, nor prior amendment, and potential prejudice to the substitute Defendants may be mitigated by establishing a new case scheduling order.

Accordingly,

1. Plaintiff's initial motion for leave to amend, ECF No. 32, is DENIED AS MOOT;
2. Plaintiff's amended motion for leave to amend, ECF No. 36, is GRANTED;
3. Plaintiff shall file her proposed amended complaint, ECF No. 37-1, as the First Amended Complaint within five days of the date of this Order and effectuate service of process on the substituted Defendants;
4. Defendant, City of Seattle, is DISMISSED WITH PREJUDICE;
5. Current case management deadlines are hereby VACATED;
6. This case shall proceed in due course upon Defendants' response to service of process.

DATED this 16th day of April 2024.

Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND

- 2